UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ITOFFEE R. GAYLE,

       Plaintiff,

  -v-                                                                 No.  19 CV 4699-LTS-DCF

HEARST COMMUNICATIONS, INC.,

       Defendant.

-------------------------------------------------------x

MEMORANDUM OPINION AND ORDER

       Plaintiff Ittoffee R. Gayle (the "Plaintiff" or "Gayle"), proceeding pro se and in forma pauperis, brings this action against Hearst Communications, Inc. (the "Defendant"), asserting claims of copyright infringement pursuant to 17 U.S.C. section 504; and trademark infringement and unfair competition pursuant to 15 U.S.C. sections 1114 and 1125(a) and New York state common law.  (See docket entry no. 2, the "Complaint" or "Compl.".)  On November 5, 2019, the Defendant filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  (See docket entry no. 21, the "Motion".)   Plaintiff filed his opposition to Defendant's motion on January 30, 2020.  (See docket entry no. 25, the "Opp.".)  Defendant filed a reply in support of its motion to dismiss on February 4, 2020.  (See docket entry no. 26.)

       The Court has jurisdiction of this action pursuant to 28 U.S.C. sections 1331 and 1367.  The Court has considered carefully all of the parties' submissions and, for the reasons stated below, the Defendant's motion to dismiss the complaint is granted.

BACKGROUND

The following recitation of relevant facts is drawn from the Complaint, and from documents relied upon by, integral to, or incorporated by reference into the Complaint.

Defendant Hearst Communications Inc. owns ELLE magazine (the "Magazine"). (Compl. at 5.)  The Magazine's August 2017 US Edition published, on page 169, a photograph, taken by photographer Terry Tsolis, of model Lameka Fox posing on a rock displaying the graffitied phrase "Art We All One."  (Id. at 5, 8, the "Photograph".)

Gayle alleges that he owns a trademark in the words "Art We All" under the registration number 5108721 (the "Mark") "along with the original works of art of the copyright registrations VA2006958 [and] VA2088822 [which appear] on page 169 of the August 2017 ELLE US Edition."  (Id. at 5.)  Defendant registered his trademark for the words "Art We All" on December 27, 2016, under the international class 35, for "[r]etail store services featuring works of art."  (See Declaration of Nina Shah, docket entry no. 22, ("Shah Decl.") at Ex. D.)[1] The trademark registration claims that "[t]he mark consists of standard characters without claim to any particular font style, size, or color."  (Id.)  The records for Plaintiff's copyright registration numbers VA2006958 and VA2088822 indicate a registered "photograph" and a group of 13 photos, respectively.  (See Shah Decl. at Ex. C.)  Gayle does not proffer the specific original works he used to register the copyrights.

---

[1] The Court considers the copyright and trademark registration records appended as Exhibits to the Shah Decl. in connection with the instant motion to dismiss because Plaintiff's complaint "relies heavily upon [the records'] terms and effect, thereby rendering the [records] integral to the complaint."  See DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010) (internal quotation marks omitted).

DISCUSSION

When evaluating a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss a complaint, the Court accepts as true the nonconclusory factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor.  Roth v. Jennings, 489 F.3d 499, 501 (2d Cir. 2007).  A plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A proper complaint cannot simply recite legal conclusions or bare elements of a cause of action; the plaintiff must plead specific facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.

The Court is obligated to construe pro se pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).  However, "the basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike[,]" Wynder v. McMahon, 360 F.3d 73, 79, n.11 (2d Cir. 2004), and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal citation omitted).  The Court may not "invent factual allegations" that plaintiff has not pleaded.  Id.

Copyright Claims

Gayle argues that Defendant's publishing of the Photograph in the Magazine infringed on his copyright because it was "without permission, compensation, or attribution to the Plaintiff." (Compl. at 5.) To establish copyright infringement, a plaintiff must show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Crane v. Poetic Prods. Ltd, 593 F. Supp. 2d 585, 590 (S.D.N.Y.), aff'd, 351 F. App'x 516 (2d Cir. 2009). To meet the pleading requirements of Federal Rule of Civil Procedure 8(a), a complaint pleading copyright infringement "must plead with specificity the acts by which a defendant has committed copyright infringement . . . Specifically, a plaintiff must allege (1) which specific original works are the subject of the copyright claim; (2) that the plaintiff owns the copyrights in those works; (3) that the copyrights have been registered in accordance with the statute; and (4) by what acts [and] during what time the defendant infringed the copyright." Gayle v. Larko, No. 18 cv 03773-ER, 2019 WL 4450551, at *3 (S.D.N.Y. Sept. 17, 2019) (internal citations omitted).

Gayle's copyright infringement claim fails to meet the threshold requirement of identifying the specific original works that are the subject of his copyright claim. In his opposition to the Motion, Gayle claims to have a copyright for "visual material" consisting of "artistic graffiti style depiction" of certain images including the phrase "Art We All." See Opp. at 1-2. However, Gayle admits that he did not take the Photograph, and fails to identify the copyrighted "visual material" that the Magazine has allegedly copied. He also fails to explain what elements of his copyrighted work the Magazine has copied or incorporated into its Photograph, or how the Magazine's Photograph is even similar to his copyrighted visual image. Gayle's mere identification of two copyright registration numbers, which themselves refer to a

registered "photograph" and a group of 13 photos, is insufficient to carry his burden of demonstrating that the Magazine infringed on his copyrighted material. Indeed, his failure to disclose the visual images allegedly protected is fatal to his copyright claim. See, Larko 2019 WL 4450551, at *3 (granting motion to dismiss copyright infringement claim where Gayle's complaint failed to "provide the specific original works he used to register the copyrights" and, therefore, the court had "no original works to compare [defendant's] use of the phrase ['Art We All'] to . . .").

In any event, Gayle's argument that he "own[s] the registrations for the copyrightable works associated with 'ART WE ALL'/'ARTWEALL' and its variations[,]", Opp. at 2, is unavailing because "[o]n its face, the phrase ['Art We All'] is not copyrightable." Larko, 2019 WL 4450551, at *3 (citing Moody v. Morris, 608 F. Supp 2d 575, 579 (S.D.N.Y. 2009) ("[I]t is axiomatic that words, short phrases, titles, and slogans are not subject to copyright, even if they can be trademarked")).

For these reasons, the Defendant's motion is granted insofar as it seeks the dismissal of Gayle's copyright claim.

Trademark Claims

Gayle also asserts claims under the Lanham Act for trademark infringement and unfair competition, alleging that the Defendant infringed on his trademark of the words "Art We All." Section 32 of the Lanham Act prohibits any person from "us[ing] in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive[.]" 15 U.S.C.A. §1114 (1)(a) (Westlaw through P.L. 116-259). Similarly, the Lanham Act's unfair

competition provision, Section 43(a), prohibits a person from "us[ing] in commerce any word, term, name, symbol, or device, or any combination thereof . . . which . . . is likely to cause confusion . . . as to the origin, sponsorship, or approval of his or her goods[.]"  Id. at §1125(a)(1) (Westlaw through P.L. 116-259).  Claims under both provisions of the Lanham Act are considered trademark infringement and are evaluated in the same way.  Louis Vuitton Malletier S.A. v. Dooney & Bourke, Inc., 454 F.3d 108, 114 (2d Cir. 2006).

To prevail on a trademark infringement claim under the Lanham Act, a plaintiff must allege facts demonstrating that (1) the plaintiff has "a valid mark that is entitled to protection under the Lanham Act; and that (2) the defendant used the mark, (3) in commerce, (4) in connection with the sale or advertising of goods and services, (3) without the plaintiff's consent."  Transcience Corp. v. Big Time Toys, LLC, 50 F. Supp. 3d 441, 449 (S.D.N.Y. 2014).  Additionally, a plaintiff must demonstrate that the defendant's use of the mark at issue is likely to cause confusion for a large number of purchasers as to the "affiliation, connection or association of defendant with plaintiff, or as to the origin, sponsorship, or approval of the defendant's goods, services, or commercial activities by plaintiff."  1-800 Contacts, Inc. v. WhenU.Com, Inc., 414 F.3d 400, 407 (2d Cir. 2005) (quoting 15 U.S.C. § 1125(a)(1)(A)) (internal alterations and quotations omitted).  In determining whether confusion has been sufficiently pled, the Second Circuit has identified the following factors for courts to consider: 1) the strength of the trademark; 2) the degree of similarity between the two marks; 3) the proximity of the products and their competitiveness with one another; 4) evidence that the prior owner may 'bridge the gap' by developing a product for sale in the market of the alleged infringer's product; 5) evidence of actual consumer confusion; 6) evidence that the defendant adopted the imitative mark in bad faith; 7) the quality of the defendant's product; and 8) the sophistication of

consumers in the relevant market.  See Polaroid Corp. v. Polarad Elecs. Corp., 287 F.2d 492, 495 (2d Cir. 1961).

Although Gayle's ownership of a trademark registration certification entitles him to a presumption in favor of the validity of his trademark, see Blue & White Food Prod. Corp. v. Shamir Food Indus., Ltd., 350 F. Supp. 2d 514, 518 (S.D.N.Y. 2004), Plaintiff has failed to plead facts sufficient to allege plausibly the requisite risk of customer confusion as required by Twombly and Iqbal.  Aside from alleging that Elle Magazine "reaches over 29 million influential readers, users, fans and followers across all platforms[,]" Compl. at 6, Gayle does not allege any facts relating to or from which the Court could infer even under a liberal construction that the Defendant's alleged infringement on the Mark was likely to cause customer confusion.  As the Defendant correctly points out, the Complaint is entirely devoid of any factual allegation to "suggest that consumers have ever come into contact with the [Mark], much less to suggest that the [Mark] has any significance to consumers."  Motion at 11.  The Complaint also does not proffer any facts about Gayle's purported business; the nature of competition between his purported business and ELLE Magazine; or any overlap between consumers of Gayle's business and readers of ELLE Magazine.  See Id. at 11-12.

In his opposition, Gayle attempts to cure his pleading deficiency by submitting that the Polaroid factors involving similarity of the marks, closeness of the products, and the Defendant's motive and bad faith warrant a finding of customer confusion.[2]  First, Gayle argues that the two marks at issue here are both similar and close because they are both "graffiti-like"

---

[2] The Court may consider new facts and arguments raised in a pro se litigant's opposition papers to a motion to dismiss, so long as they are consistent with the complaint.  See Walker v. Schult, 717 F.3d 119, 122 n.1 (2d Cir. 2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a pro se party in his papers opposing the motion.").

artistic expressions that "depict a particular urban mood and atmosphere," and that the Defendant's alleged infringement resulted in customer confusion because "the Defendant did not just use a similar mark, they used the actual Mark in their Photograph."  Opp. at 2.  However, not only do Gayle's conclusory arguments fail to demonstrate how the Defendant's use of the Mark caused customer confusion "as to the source, sponsorship, affiliation, connection, or identification" of the Mark, see Star Indus., Inc. v. Bacardi & Co., 412 F.3d 373, 383 (2d. Cir. 2005) (quotations omitted), but he also does not address the differences between the Mark and the phrase depicted in the Photograph.  Gayle's trademark registration certification identifies his trademark as the phrase "ART WE ALL" in "standard characters without claim to any particular font style, size or color."  Shah Decl. at Exh. D.  Without more than vague, conclusory allegations concerning the compatibility of the marks, Gayle's arguments that the Polaroid factors regarding similarity of mark and closeness of products do not weigh in favor of a probability of customer confusion.  Indeed, "even if the phrases are similar, at best, the use of a common phrase is not a per se trademark violation absent some showing that the use of that phrase will cause confusion."  Gayle v. Allee, No. 18 CIV. 3774 (JPC), 2021 WL 120063, at *4 (S.D.N.Y. Jan. 13, 2021) (rejecting identical arguments made by Gayle regarding similarity of mark and closeness of products in support of his argument that defendants' alleged infringement of Gayle's trademark "ART WE ALL" resulting from defendants' use of the phrase "ART WE ALL ONE" caused customer confusion sufficient to state a claim for trademark infringement and defeat a motion to dismiss).

        Gayle's argument that the Polaroid factor considering whether an alleged infringer's motive is driven by bad faith is similarly insufficient to give rise to a plausible inference of likelihood of customer confusion here.  In his opposition, Gayle argues that the

Defendant's bad faith is evident because "[t]he Plaintiff registered the Mark and copyrighted the design under a very similar name before the Defendant's copying." Opp. at 2. The mere fact that a trademark had been registered before it was allegedly infringed is not sufficient to support an inference of bad faith on the part of the alleged infringer. See Major League Baseball Props, Inc. v. Opening Day Prods., Inc., 385 F.Supp. 2d 256, 268 (S.D.N.Y. 2005) ("Defendant's argument that plaintiffs were aware of their mark is not dispositive and does not give rise to a necessary inference of bad faith, because adoption of a trademark with actual knowledge of another's prior registration of a very similar mark may be consistent with good faith.") (internal quotations omitted). Gayle has not alleged that the Defendant knew, or should have known, of Gayle or his registration of the Mark, much less has he proffered facts supporting an inference of Defendant's intent to confuse customers, deceive, or otherwise act in bad faith as opposed to a mere "intent to copy" the Mark. See Starbucks Corp. v. Wolfe's Borough Coffee, Inc., 588 F.3d 97, 117 (2d Cir. 2009); see also Larko, 2019 WL 4450551, at *3 ("Gayle alleges that Defendants capitalized on the Mark's brand name recognition in relation to promoting art gallery services . . . . But he does not plead that it would cause confusion as to the source of the Mark. These are conclusory allegations that fail to raise a 'serious question' as to a likelihood of confusion.") (internal quotations omitted). Furthermore, as noted above, Plaintiff has failed to identify any copyrighted work that Defendant allegedly copied. In light of these pleading deficiencies, and a lack of any facts addressing the remaining Polaroid factors, the Court finds that Gayle has failed to sufficiently plead the likelihood of customer confusion in support of his trademark infringement claims.

For these reasons, Defendant's motion is granted to the extent it seeks the dismissal of Plaintiff's trademark infringement and unfair competition claims under the Lanham Act.

State Law Claims

In his complaint, Gayle also asserts claims for "unfair competition and trademark infringement under related state laws." See Compl. at 6. Where a court is considering federal claims brought by a plaintiff, the court has supplemental jurisdiction of "all other claims that are so related to claims in the action within [the court's] original jurisdiction"—here, the federal copyright and trademark claims brought by Plaintiff—"that they form part of the same case or controversy . . ." 28 U.S.C.A. §1367(a) (Westlaw through P.L. 116-259). A court may decline to exercise supplemental jurisdiction of any related claims upon dismissing a plaintiff's federal claims over which it has original jurisdiction. However, the Court may choose to exercise supplemental jurisdiction if it determines that doing so is proper after "balanc[ing] the traditional 'values of judicial economy, convenience, fairness, and comity.'" Kolari v. N.Y.-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006). Here, declining to exercise jurisdiction of Gayle's state unfair competition and trademark claims would be contrary to the values of judicial economy, convenience, and fairness, and the exercise of jurisdiction to address them on the merits is consistent with comity. An unfair competition claim under New York common law requires fulfillment of all of the elements of a Lanham Act unfair competition claim, with the additional requirement of a showing of bad faith. Luxsoma LLC v. Leg Res., Inc., 289 F. Supp. 3d 514, 526-27 (S.D.N.Y. 2018). As explained above, Plaintiff has failed to plead facts supporting essential elements of his Lanham Act claim and the Defendant's bad faith, and thus necessarily fails to plead viable unfair competition and trademark claims under New York law.

Accordingly, The Court's continued exercise of jurisdiction is proper and, for the reasons explained above, the Defendant's motion is granted insofar as it seeks that dismissal of Gayle's state law claims.

CONCLUSION

For the foregoing reasons, the Defendant's motion to dismiss the Plaintiff's complaint is granted.  Although leave to amend a complaint should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), "it is within the sound discretion of the district court to grant or deny leave to amend."  McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2000).  Here, leave to amend the complaint is unwarranted because Plaintiff has neither requested permission to amend his complaint nor given any indication that he is ready and able to plead facts that would cure the substantive defects identified in the instant motion to dismiss, such that leave to amend would not be futile.  For these reasons, Plaintiff's complaint is dismissed with prejudice.

This memorandum order resolves docket entry no. 20.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment and close this case.

Chambers will mail a copy of this Memorandum Opinion and Order to Gayle.

SO ORDERED.

Dated: New York, New York
January 28, 2021

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

Mail to:

Itoffee R. Gayle
2010 Powell Avenue
Apt. 2F
Bronx, NY 10472